IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW KELLUM, | ) |
|     Plaintiff, | ) |
| v. | ) No. 3:22-cv-2159 |
| JACKSON COUNTY SHERIFF'S OFFICE, DEPUTY ALLAN BOST, SERGEANT JOHN HUFFMAN, and LIEUTENANT CARSON BUNTON, | ) |
|     Defendants. | ) |

**COMPLAINT**

COMES NOW Plaintiff, Matthew Kellum, by and through his attorneys, Mahoney Law Firm, LLC, and for his Complaint against Defendants, Jackson County Sheriff's Office, Deputy Allan Bost, Sergeant John Huffman, and Lieutenant Carson Bunton, states as follows:

**GENERAL ALLEGATIONS**

1. At all times relevant herein, Plaintiff, Matthew Kellum, was a resident of Jackson County, State of Illinois.

2. At all times relevant herein, Defendant, Jackson County Sheriff's Office, was a municipality and governmental unit operating as a municipality within the State of Illinois in Jackson County, Illinois.

3. Upon information and belief, at all times relevant herein, Defendant, Deputy Allan Bost ("Bost"), was a resident of Jackson County, State of Illinois.

4. Upon information and belief, at all times relevant herein, Defendant, Sergeant John Huffman ("Huffman"), was a resident of Jackson County, State of Illinois.

5. Upon information and belief, at all times relevant herein, Defendant, Lieutenant Carson Bunton ("Bunton"), was a resident of Jackson County, State of Illinois.

6. At all times relevant herein, Defendant, Jackson County Sheriff's Office, employed and/or otherwise retained Defendants, Bost, Huffman, and Bunton. The foregoing employees of the Jackson County Sheriff are referred to, collectively hereafter, as the "Individual Defendants."

7. At all times relevant herein, the Individual Defendants were acting within the course and scope of their employment with Defendant, Jackson County Sheriff's Office.

8. At all times relevant herein, Defendants were acting under color of state law.

9. On or about September 14, 2020, Defendants responded to a call at the residence of Heather Mack after Plaintiff, Matthew Kellum, threatened suicide and was reported as having ingested a large quantity of pills.

10. At the time Defendants responded to Heather Mack's residence, Plaintiff was dressed in pajama pants with no shirt and clearly and visibly in mental distress.

11. On or about September 14, 2020, at approximately 8:43 a.m., Defendants located Plaintiff behind Heather Mack's residence and drew their guns and tasers and pointed them at Plaintiff.

12. At or about that time, upon being confronted by Defendants, Plaintiff ran into the woods.

13. At the time Defendants first confronted Plaintiff, Defendants were aware that Plaintiff was unarmed, suicidal, had ingested a large quantity of prescription pills, and/or was having a serious mental episode.

14. On or about September 14, 2020, at approximately 9:18 a.m., Defendants located Plaintiff in the woods.

15. Upon information and belief, at the time Defendants located Plaintiff in the woods, Plaintiff had climbed up a tree.

16. Upon information and belief, Defendant Huffman and/or Defendant Bunton shot Plaintiff with their department issued taser while he was up in the tree to force Plaintiff down from the tree.

17. Upon information and belief, as a direct and proximate result of Defendant Huffman and/or Defendant Bunton deploying their tasers at Plaintiff, Plaintiff was caused to fall from the tree resulting in serious injuries.

18. On or about September 14, 2020, at approximately 9:23 a.m., Plaintiff was reported as being in custody by Defendants.

19. At the time Plaintiff was placed into custody, he had taken an excess amount of prescription pills, had suffered a traumatic brain injury, and was in no physical condition to resist arrest.

20. On or about September 14, 2020, at approximately 9:29 a.m., while Plaintiff was in custody and handcuffed behind his back, Defendant Huffman deployed his department issue taser to drive stun Plaintiff nine (9) times for a total of 42 seconds.

21. At or about that time, as a result of Plaintiff's condition and injuries, he was unable to walk and helpless in his own defense.

22. Following Defendant Huffman deploying his taser to drive stun Plaintiff, Defendants Bost, Huffman, and/or Bunton dragged Plaintiff out of the woods and through a field to a road by the arms while he was handcuffed behind his back and his feet dragged on the ground resulting in serious injuries to Plaintiff.

23. At all times relevant herein, Defendants knew, or in the exercise of reasonable care, should have known, that tasing Plaintiff down from a tree could and would result in serious injuries to Plaintiff.

24. Upon information and belief, Defendants were without any justification to use their tasers to remove Plaintiff from a tree.

25. At all times relevant herein, Defendants knew, or in the exercise of reasonable care, should have known, that tasing Plaintiff while he was handcuffed and in custody could and would result in serious injuries to Plaintiff.

26. Defendants were without any justification to use their tasers to subdue Plaintiff while he was handcuffed and in custody.

27. At all times relevant herein, Defendants, knew, or in the exercise of reasonable care, should have known, that dragging Plaintiff by his arms through a field while he was handcuffed behind his back and his feet were dragging on the ground could and would result in serious injuries to Plaintiff.

28. Further, at the time Defendants were dragging Plaintiff by his arms through a field, Plaintiff had taken an excess amount of prescription pills and suffered serious injuries, including but not limited to, a traumatic brain injury, which necessitated immediate medical treatment and medically appropriate removal from the woods to an ambulance.

29. Defendants were without any justification to remove Plaintiff from the woods and through a field in the foregoing manner.

30. At all times relevant herein, Defendant, Jackson County Sheriff's Office, by and through its agents and employees, including the Individual Defendants, owed Plaintiff a duty to protect him while he was in their care, custody, and control.

31. At all times relevant herein, Plaintiff was in a distressed and emotional state of mind that required the utmost duty of care when Defendants placed him in custody to ensure his safety was not put in further jeopardy.

32. At all times relevant herein, there were no exigent circumstances for Plaintiff to be tased out of a tree.

33. At all times relevant herein, there were no exigent circumstances for Plaintiff to be tased while he was in custody.

34. At all times relevant herein, there were no exigent circumstances for Plaintiff to be dragged by his arms while handcuffed from the wooded area through a field to the road.

35. At all times relevant herein, Plaintiff, Matthew Kellum, did not pose an immediate threat to the safety of Defendants or others, was not armed, was not resisting lawful arrest, and was not attempting to flee lawful apprehension at the time excessive force was used.

36. At all times relevant herein, Defendants acted malicious or wantonly and/or with a reckless disregard for the health and safety of Plaintiff.

## JURISDICTION & VENUE

37. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 as this Complaint alleges claims arising under federal law, specifically, 42 U.S.C. § 1983.

38. Jurisdiction is also proper pursuant to 28 U.S.C. § 1367(a) in that the claims averred herein are so related to the federal question claims asserted herein that they form part of the same case or controversy under Article III of the United States Constitution.

39. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that the events, acts, and omissions giving rise to the claims herein all occurred in the Southern District of Illinois.

## COUNT I
### 42 U.S.C. § 1983
*Matthew Kellum v. Jackson County Sheriff's Office*

COMES NOW Plaintiff, Matthew Kellum, by and through his attorneys, Mahoney Law Firm, LLC, and for Count I of his Complaint against Defendant, Jackson County Sheriff's Office, states as follows:

40. Plaintiff hereby incorporates Paragraphs 1 through 39 herein as though fully set forth hereunder.

41. At all times relevant herein, Defendant, Jackson County Sheriff's Office, was a state actor and a "person" within the meaning of 42 U.S.C. § 1983 and its conduct was and is subject to 42 U.S.C. § 1983.

42. At all times relevant herein, under the Fourth and Fourteenth Amendments, Defendants were prohibited from using excessive force in their efforts to seize, detain, and/or search Plaintiff.

43. At all times relevant herein, the actions of Defendant, by and through its agents and employees, constituted excessive force in gross violation of Plaintiff's rights under the Fourth and Fourteenth Amendments and the guarantees set forth by 42 U.S.C. § 1983.

44. Upon information and belief, Defendant, Jackson County Sheriff's Office, needlessly, deliberately, and without justification, tased Plaintiff while he was up in a tree, thereby creating an increased risk of harm and/or danger to Plaintiff as it was reasonably foreseeable that Plaintiff would fall from the tree resulting in serious injuries.

45. Defendant, Jackson County Sheriff's Office, needlessly, deliberately, and without justification, tased Plaintiff while he was in custody, thereby creating an increased risk of harm and/or danger to Plaintiff as it was reasonably foreseeable that Plaintiff would suffer serious injuries.

46. Defendant, Jackson County Sheriff's Office, needlessly, deliberately, and without justification, dragged Plaintiff out of the woods and through a field to a road by the arms while he was handcuffed behind his back and his feet dragged on the ground, thereby creating an increased risk of harm and/or danger to Plaintiff as it was reasonably foreseeable that Plaintiff would suffer serious injuries.

47. At all times relevant herein, Defendant, Jackson County Sheriff's Office, by and through its agents and employees, was needlessly indifferent and objectively unreasonable in failing to secure the welfare of Plaintiff, Matthew Kellum, as protected by the Fourth Amendment of the United States Constitution, applicable through the Fourteenth Amendment to Defendants herein.

48. At all times relevant herein, Defendant, Jackson County Sheriff's Office, by and through its agents and employees, failed to protect Plaintiff, Matthew Kellum, from the increased risk of harm and/or danger that they had created for Plaintiff and had placed him into while Plaintiff was in the care, custody, and control of Defendant.

49. By needlessly, deliberately, and without justification, placing Plaintiff, Matthew Kellum, into a more dangerous situation than Plaintiff was in prior to his arrest, Defendant, Jackson County Sheriff's Office, by and through its agent and employees, violated Plaintiff's substantive due process rights by depriving Plaintiff of life and liberty without due process as required by the United States Constitution, as applied to the states through the Fourteenth Amendment.

50. As a direct and proximate cause of the violation of Plaintiff's right to substantive due process, and the violation of his Fourth Amendment right to be secure in his own person, Plaintiff, Matthew Kellum, was caused serious injuries by Defendant while he was in their care, custody, and control.

51. At all times relevant herein, the placement of Plaintiff, Matthew Kellum, into a more dangerous situation than he was in before his arrest, the violation of Plaintiff's constitutional right to substantive due process, and the acts of the agents and employees of Defendant, Jackson County Sheriff's Office, constitutes state action that shocks the conscience and constitutes egregious conduct by Defendant.

52. At all times relevant herein, Defendant, Jackson County Sheriff's Office, by and through its agents and employees, acted with malice, willfulness, and deliberate indifference to Plaintiff's rights.

53. At all times relevant herein, Defendant, Jackson County Sheriff's Office, had a duty not to create, needlessly, an increased risk of harm to Plaintiff, Matthew Kellum, while Plaintiff was in the care, custody and control of Defendant.

54. At all times relevant herein, Defendant, Jackson County Sheriff's Office, had a duty to ensure that its deputies and officers did not use force that was objectively unreasonable in light of the facts and circumstances confronting those deputies and officers.

55. On or about September 14, 2020, Defendant, Jackson County Sheriff's Office, by and through its agents and employees, violated Plaintiff Matthew Kellum's constitutional rights in one or more of the following ways:

   a. Failed to establish and/or implement policies, practices and procedures with respect to the use of a taser to place persons in custody that will not severely injure and/or subject them to an increased risk of harm or injury; and/or,

   b. Failed to establish and/or implement policies, practices and procedures with respect to the use of a taser to ensure persons in custody were not severely injured and/or subjected to an increased risk of harm or injury; and/or,

   c. Failed to provide its deputies and/or officers with proper training, supervision, and/or discipline to ensure the proper use of a taser when placing a person into custody; and/or,

   d. Failed to provide its deputies and/or officers with proper training, supervision, and/or discipline to ensure the proper use of a taser when a person was in custody and handcuffed; and/or

   e. Failed to provide its deputies and/or officers with proper training, supervision, and/or discipline to ensure the appropriate response to a person having suicidal ideations and/or severe mental distress; and/or

   f. Failed to ensure its deputies and/or officers did not use excessive force against persons they were placing under arrest and/or who they had in custody when this degree of force was objectively unreasonable in light of the facts and circumstances confronting its deputies and/or officers; and/or,

  g. Possessed knowledge of deficiencies in policies, practices, customs, and procedures concerning the use of excessive force when placing persons under arrest and/or while such persons were in custody, and authorized and/or deliberately disregarded these deficiencies; and/or

  h. Authorized a custom and practice of the use of excessive force to place persons under arrest and/or while such persons were in custody in violation of those persons constitutional rights.

  56. As a direct and proximate result of Defendant's violation of Plaintiff's constitutional rights, Plaintiff, Matthew Kellum, sustained great bodily injury, including, but not limited to, a traumatic brain injury with left sylvian fissure subarachnoid hemorrhage, intraparenchymal hemorrhage, left temporal lobe contusion as well as a collapsed lung, nasal bone fracture, neuropathy, impaired motor function, and bilateral brachial plexus injury resulting in permanent disfunction of upper extremities; he has also experienced extreme pain and suffering, which is expected to continue in the future; he has incurred numerous medical bills and other health-related bills as a result of medical treatment for his injuries and is expected to incur same in the future; he has lost wages and benefits he would have otherwise received, and may suffer such loss of wages and benefits in the future; he has experienced severe mental anguish, depression, and emotional distress in the past and may continue to suffer the same in the future; he has suffered a loss of enjoyment of a normal life as a consequence of his injuries and he has lost the ability to engage in the same kinds of normal activities, all to his damage.

  WHEREFORE, Plaintiff, Matthew Kellum, requests that judgment be entered on his behalf against Defendant, Jackson County Sheriff's Office, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), and for costs of suit and attorneys' fees.

**COUNT II**
*Individually – 42 U.S.C. § 1983*
*Matthew Kellum v. Deputy Allan Bost*

COMES NOW Plaintiff, Matthew Kellum, by and through his attorneys, Mahoney Law Firm, LLC, and for Count II of his Complaint against Defendant, Deputy Allan Bost ("Bost"), states as follows:

57. Plaintiff hereby incorporates Paragraphs 1 through 56 herein as though fully set forth hereunder.

58. At all times relevant herein, Defendant Bost was personally responsible for placing Plaintiff into custody and personally responsible for the increased risk of harm to Plaintiff once he was placed into custody.

59. At all times relevant herein, Defendant Bost was acting in an individual capacity and under color of state law.

60. On or about September 14, 2020, Defendant Bost's acts and omissions caused Plaintiff, Matthew Kellum, to be placed in a situation which was more dangerous than the one which he was removed from.

61. Upon information and belief, on or about September 14, 2020, Defendant Bost had not been issued a taser by the Jackson County Sheriff's Office.

62. At all times relevant herein, Defendant Bost had reason to know that his fellow officers – namely Defendants Huffman and/or Bunton – were using excessive force or committing a constitutional violation against Plaintiff at the time he was placed into custody and thereafter.

63. At all times relevant herein, Defendant Bost had a realistic opportunity to intervene to prevent the use of excessive force from occurring against Plaintiff.

64. At all times relevant herein, Defendant Bost failed to take any action to prevent Defendants Huffman and/or Bunton from using excessive force or committing constitutional violations against Plaintiff.

65. The above acts and omissions constituted a deprivation of Plaintiff's constitutional rights.

66. The above acts and omissions were willful and wanton and/or with reckless disregard for the health and safety of Plaintiff.

67. As a direct and proximate result of Defendant's violation of Plaintiff's constitutional rights, Plaintiff, Matthew Kellum, sustained great bodily injury, including, but not limited to, a traumatic brain injury with left sylvian fissure subarachnoid hemorrhage, intraparenchymal hemorrhage, left temporal lobe contusion as well as a collapsed lung, nasal bone fracture, neuropathy, impaired motor function, and bilateral brachial plexus injury resulting in permanent disfunction of upper extremities; he has also experienced extreme pain and suffering, which is expected to continue in the future; he has incurred numerous medical bills and other health-related bills as a result of medical treatment for his injuries and is expected to incur same in the future; he has lost wages and benefits he would have otherwise received, and may suffer such loss of wages and benefits in the future; he has experienced severe mental anguish, depression, and emotional distress in the past and may continue to suffer the same in the future; he has suffered a loss of enjoyment of a normal life as a consequence of his injuries and he has lost the ability to engage in the same kinds of normal activities, all to his damage.

WHEREFORE, Plaintiff, Matthew Kellum, requests that judgment be entered on his behalf against Defendant, Deputy Allan Bost, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), and for costs of suit and attorneys' fees.

**COUNT III**
*Individually – 42 U.S.C. § 1983*
*Matthew Kellum v. Sergeant John Huffman*

COMES NOW Plaintiff, Matthew Kellum, by and through his attorneys, Mahoney Law Firm, LLC, and for Count III of his Complaint against Defendant, Sergeant John Huffman ("Huffman"), states as follows:

57. Plaintiff hereby incorporates Paragraphs 1 through 56 herein as though fully set forth hereunder.

58. At all times relevant herein, Defendant Huffman was personally responsible for placing Plaintiff into custody and personally responsible for the increased risk of harm to Plaintiff once he was placed into custody.

59. At all times relevant herein, Defendant Huffman was acting in an individual capacity and under color of state law.

60. On or about September 14, 2020, Defendant Huffman's acts and omissions caused Plaintiff, Matthew Kellum, to be placed in a situation which was more dangerous than the one which he was removed from.

61. The above acts and omissions constituted a deprivation of Plaintiff's constitutional rights.

62. The above acts and omissions were willful and wanton and/or with reckless disregard for the health and safety of Plaintiff.

63. As a direct and proximate result of Defendant's violation of Plaintiff's constitutional rights, Plaintiff, Matthew Kellum, sustained great bodily injury, including, but not limited to, a traumatic brain injury with left sylvian fissure subarachnoid hemorrhage, intraparenchymal hemorrhage, left temporal lobe contusion as well as a collapsed lung, nasal bone fracture, neuropathy, impaired motor function, and bilateral brachial plexus injury

resulting in permanent disfunction of upper extremities; he has also experienced extreme pain and suffering, which is expected to continue in the future; he has incurred numerous medical bills and other health-related bills as a result of medical treatment for his injuries and is expected to incur same in the future; he has lost wages and benefits he would have otherwise received, and may suffer such loss of wages and benefits in the future; he has experienced severe mental anguish, depression, and emotional distress in the past and may continue to suffer the same in the future; he has suffered a loss of enjoyment of a normal life as a consequence of his injuries and he has lost the ability to engage in the same kinds of normal activities, all to his damage.

WHEREFORE, Plaintiff, Matthew Kellum, requests that judgment be entered on his behalf against Defendant, Sergeant John Huffman, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), and for costs of suit, attorneys' fees, and punitive damages.

### COUNT IV
*Individually – 42 U.S.C. § 1983*
*Matthew Kellum v. Lieutenant Carson Bunton*

COMES NOW Plaintiff, Matthew Kellum, by and through his attorneys, Mahoney Law Firm, LLC, and for Count IV of his Complaint against Defendant, Lieutenant Carson Bunton ("Bunton"), states as follows:

57. Plaintiff hereby incorporates Paragraphs 1 through 56 herein as though fully set forth hereunder.

58. At all times relevant herein, Defendant Bunton was personally responsible for placing Plaintiff into custody and personally responsible for the increased risk of harm to Plaintiff once he was placed into custody.

59. At all times relevant herein, Defendant Bunton was acting in an individual capacity and under color of state law.

60. On or about September 14, 2020, Defendant Bunton's acts and omissions caused Plaintiff, Matthew Kellum, to be placed in a situation which was more dangerous than the one which he was removed from.

61. The above acts and omissions constituted a deprivation of Plaintiff's constitutional rights.

62. The above acts and omissions were willful and wanton and/or with reckless disregard for the health and safety of Plaintiff.

63. As a direct and proximate result of Defendant's violation of Plaintiff's constitutional rights, Plaintiff, Matthew Kellum, sustained great bodily injury, including, but not limited to, a traumatic brain injury with left sylvian fissure subarachnoid hemorrhage, intraparenchymal hemorrhage, left temporal lobe contusion as well as a collapsed lung, nasal bone fracture, neuropathy, impaired motor function, and bilateral brachial plexus injury resulting in permanent disfunction of upper extremities; he has also experienced extreme pain and suffering, which is expected to continue in the future; he has incurred numerous medical bills and other health-related bills as a result of medical treatment for his injuries and is expected to incur same in the future; he has lost wages and benefits he would have otherwise received, and may suffer such loss of wages and benefits in the future; he has experienced severe mental anguish, depression, and emotional distress in the past and may continue to suffer the same in the future; he has suffered a loss of enjoyment of a normal life as a consequence of his injuries and he has lost the ability to engage in the same kinds of normal activities, all to his damage.

WHEREFORE, Plaintiff, Matthew Kellum, requests that judgment be entered on his behalf against Defendant, Lieutenant Carson Bunton, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), and for costs of suit, attorneys' fees, and punitive damages.

Respectfully submitted,

By: /s/ Ryan J. Mahoney
Ryan J. Mahoney, #6290113
MAHONEY LAW FIRM, LLC
1 Ginger Creek Parkway
Glen Carbon, IL  62034
Telephone:	618-961-8288
Facsimile:	618-961-8289
ryan@themahoneylawfirm.com
***Attorneys for Plaintiff***