IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW KELLUM, | ) |
|     Plaintiff, | ) ) ) |
| vs. | )   Case No. 22-cv-2159-DWD |
| JACKSON COUNTY SHERIFF'S OFFICE, DEPUTY ALLAN BOST, SERGEANT JOHN HUFFMAN, and LIEUTENANT CARSON BUNTON, | ) ) ) ) ) ) ) |
|     Defendants. | ) |

**AGREED QUALIFIED HIPAA & MHDDCA QUALIFIED PROTECTIVE ORDER**

**DUGAN, District Judge:**

The Court finds that good cause exists for the entry of a Qualified Protective Order pursuant to the Health Insurance Portability and Accountability Act ("HIPAA") and the Mental Health and Developmental Disabilities Confidentiality Act ("MHDDCA"), 740 ILCS 110/1-17, to prevent the unauthorized disclosure and to direct the use of protected health information during the course of this litigation. Accordingly, the Court **GRANTS** the Agreed Motion for Entry of a Protective Order (Doc. 23) and enters the following Protective Order as agreed to by the parties.  **IT IS HEREBY ORDERED**:

1. All records produced by the parties to this litigation are produced subject to this Order.

2. This Order applies to any records produced by a covered entity, as defined by 45 C.F.R. 160.103 and MHDDCA, which has received a request or subpoena for protected health information, substance abuse treatment, mental health communication, and mental health records.

3. During the course of this litigation, it may be necessary for the parties or their attorneys to disclose Matthew Kellum's protected health information, as that term is defined under HIPAA and the Federal Regulations promulgated pursuant to that Act; and mental health communication and mental health records, as those terms are defined by the MHDDCA.

    (a) All protected health information, including substance abuse treatment records, mental health communication, and mental health records disclosed by any of Matthew Kellum's healthcare providers shall be used for the sole purpose of preparing for or conducting this litigation, including but not limited to investigation, consultation, discovery, depositions, trial preparation, trial, appeal, resolution, mediation, or uses incidental to the proceeding in this case and shall not be disclosed or revealed to anyone not authorized by this Protective Order.

    (b) Protected health information, including substance abuse treatment records, mental health communication, and mental health records pursuant to this Qualified HIPAA and MHDDCA Order may include information related to sexually transmitted disease, genetic testing, HIV, behavioral or mental health services, and treatment for alcohol and drug abuse.

    (c) Protected health information, including substance abuse treatment records, mental health communication, and mental health records may be disclosed without further notice by any covered entity or healthcare provider, party or parties' attorney, to:

        (1) The parties themselves, parties' attorneys, experts, consultants, any witness or other person retained or called by the parties, treating physicians, other healthcare providers, insurance carriers, or other entities from whom damages, compensation, or indemnity is sought and any entity performing, monitoring, or providing adjustment activities on behalf of such insurance carrier or other entity and/or their employees, agents, or third party administrators for any of the parties involved in the litigation; in any proceeding for health oversight activities as permitted under 45 C.F.R. 164.512, court reporters, copy services, other similar vendors to the parties and their attorneys, as well as the professional and support staff of the above.

(2) Within forty-five days of dismissal of this action, the parties, and each entity governed by this Order, shall either (a) destroy, or (b) return to the Plaintiff, all protected health information, including substance abuse treatment records, mental health communication, and mental health records, including all copies made; provided, however, that said protected health information, mental health communication, and mental health records may be retained in the files of the attorneys for the parties and may be destroyed pursuant to their regular file retention policies and/or applicable Rules of Professionalism so long as the protected health information, mental health communication, and mental health records are maintained in a secure environment.

**SO ORDERED.**

Dated: January 19, 2023

/s/ David W. Dugan
DAVID W. DUGAN
United States District Judge